# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. SMOLKO, et al., | CASE NO. 16cv278-LAB (WVG) |
| Plaintiffs, | **ORDER OF REMAND** |
| vs. | |
| CAPITAL ONE, N.A., et al., | |
| Defendants. | |

On February 9, the Court ordered Defendant Capital one, N.A. to show cause why this action should not be remanded. If it did not show cause by February 22, the Court cautioned, the action would be remanded. The order noted that Capital One bore the burden of establishing jurisdiction, and that any doubts would be resolved in favor of remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Plaintiff Daniel Smolko then filed his own motion to remand. Capital One has now filed its response.

The dispute in this case concerns whether proceeds from a foreclosure sale were properly credited to Plaintiffs Daniel and Linna Smolko. (Compl., ¶¶12–13, 20–21.) Among other things, the Smolkos contend that because Cal-Western Reconveyance Corporation misapplied the sale proceeds, they were issued an inaccurate IRS Form 1099-C, resulting in their overpaying federal income taxes. (*Id*., ¶¶ 22-23.)

The order to show cause concluded that the complaint did not present a substantial federal question, and instead focused on whether the Court could exercise diversity

jurisdiction. Capital One was given leave to try to show that a substantial federal question was present, if it thought it could do so, but was directed primarily to address diversity. Capital One's response, however, chose to focus on federal question jurisdiction and abandoned diversity jurisdiction.

**Federal Question**

Capital One argues that the method of calculating amounts to be reported on a Form 1099-C is a central question in this case. Even though the complaint identifies only causes of action arising under state law, Capital One argues a substantial federal question is present anyway.

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), the Supreme Court held that when federal law does not create a plaintiff's action, federal question jurisdiction does not exist except in certain narrow, exceptional circumstances. State courts are routinely called on to adjudicate state law claims that in some way implicate federal issues, but which do not involve federal question jurisdiction under *Grable*. *See Martinez v. Transportation Mgt. LLC*, 2008 WL 4951503, at *5 (C.D.Cal. Nov. 17, 2008).

Here, the central claim is whether proceeds from the foreclosure sale were correctly applied to the debt, and if so, whether they were accurately reported both to the Smolkos and on the Form 1099-C. The Smolkos allege they misled by Defendants into believing the amount of debt canceled was higher than it actually was. The result, and the basis for part of their claim for damages, is that the inaccuracy caused them to pay more in taxes than they should have. The proper handling of proceeds from a foreclosure sale and the cancellation of debt as a result of foreclosure are questions of state law. There is no dispute that 1099-C's are supposed to be accurate, and the Smolkos are not relying on some federal right as the basis for their claim.

Capital One contends that because accurate 1099-Cs affect the collection of taxes, the federal interest is strong. They contend that the Internal Revenue Service's rights are implicated here. But the IRS is not a party, no Defendant collected a tax, and Capital One

has not argued the Smolkos are not seeking a tax refund from Defendants either directly or indirectly. *See generally Brennan v. Southwest Airlines Co.*, 134 F.3d 1405 (9th Cir. 1998) (holding that suits to recover money wrongfully collected as a tax, however pleaded, are in fact tax refund suits).

Here, the mention of federal taxation does not create a federal claim, and similar cases have reached the same conclusion. *See, e.g., Booth v. Baldwin*, 2009 WL 3756676, *4–*5 (W.D.Pa., Nov. 9, 2009) (holding that plaintiffs' claim in the amount of federal tax liability resulting from professional negligence did not give rise to federal question jurisdiction); *McMaster v. Coca-Cola Bottling Co. of California*, 392 F. Supp. 2d 1107, 1114 (N.D.Cal., 2005) (holding that, although claim for improper characterization of payments for commuting expenses would require court to consult federal tax code, there was no substantial federal question). *See also Jensen v. Mitschele Contracting Co.*, 630 F.2d 209, 210 (3d Cir. 1980) (where federal consequence of higher taxes was merely collateral to the underlying claim, federal question jurisdiction was lacking).

Capital One has not cited any cases finding federal question jurisdiction in similar circumstances. To the contrary, it cites recent orders from two cases from this district bringing similar claims based on the issuance of inaccurate Form 1099-C's, in which federal question jurisdiction was held to be lacking. *See Prendergast v. Capital One*, et al., No. 15-cv-2777-DMS-JMA (S.D. Cal. Feb. 11, 2016), Docket no. 8, 6:3–8 ("Here, the claims alleged in the Complaint are clearly based on state law . . . . Accordingly, there is no federal question jurisdiction in this case."); *Bloomfield v. Capital One*, et al, No. 15cv2762-DMS-BGS (S.D. Cal. Feb. 11, 2016), Docket no. 9, 7:3–8 (same).

In addition, the notice of removal contends that there is no private right of action for issuance of an inaccurate Form 1099-C. (Docket no. 1, ¶ 8 (citing 26 U.S.C. § 7374(f).) When Congress creates no private right of action under a statute, "the presence of a claimed violation of the statute is insufficiently 'substantial' to confer federal question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986). In other words, accepting Capital One's own characterizaiton of the law, because the Smolkos cannot make a claim

against Cal-Western Reconveyance under federal law, this claim does not raise a substantial federal question.

**Diversity**

The Court also directed Capital One to address diversity jurisdiction, which its response failed to do. The Court therefore deems the issue waived, and construes Capital One's non-response as to this issue an admission that diversity jurisdiction is lacking.

Even if the issue were not waived, however, it appears diversity jurisdiction is lacking. Capital One's notice of removal argued that the citizenship of Cal-Western Reconveyance, which is non-diverse, should be disregarded because it is a sham defendant. But at the same time, Capital One has taken the position that the Smolkos' claim against Cal-Western gave rise to federal question jurisdiction. Obviously, if the claim were as insubstantial as the notice of removal contended it was, it could not create federal question jurisdiction. In any event, the Court finds Cal-Western Reconveyance is not a sham defendant for purposes of diversity jurisdiction. *See United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (giving standard for identifying a sham defendant). What is more, the amount in controversy does not appear to be met.

**Conclusion and Order**

This action is therefore **REMANDED** to the Superior Court of California for the County of San Diego, Central Division. Smolko's motion for remand is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: February 24, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge